*In re* MARRIAGE OF MILDRED R. BREUER, Petitioner-Appellant, and GRANT W. BREUER, Respondent-Appellee.

First District (4th Division)   No. 1—92—2909

Opinion filed March 3, 1994.

Ralph G. Scheu, of Chicago, for appellant.

Jerome Marvin Kaplan, of Chicago (Jerome Marvin Kaplan and Lesly F. Datlow, of counsel), for appellee.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Mildred Breuer appeals the order of the trial court granting Grant Breuer's petition to modify maintenance payments. She alleges the court abused its discretion in modifying maintenance and reducing the monthly payments from $1,400 to $400. We affirm.

The Breuers were divorced in 1964. Under the decree of divorce, Mr. Breuer paid Mrs. Breuer maintenance of $1,500 a month. The decree provided that the monthly payments be reduced to $833.33 in October 1974. On July 14, 1975, the court determined that Mrs. Breuer was suffering from poor health and ordered Mr. Breuer to pay monthly maintenance of $1,400.

In September 1991 Mr. Breuer filed a petition to modify maintenance payments. He alleged a substantial change in circumstances due to unforeseen financial reversals. On March 13, 1992, the court held a hearing on the petition.

Mrs. Breuer testified that she owns a condominium worth $175,000. The condominium has a mortgage in the amount of $11,000. She has an investment account of $58,599.38, an IRA account of $21,882.32, and receives $500 a month from social security. Mrs. Breuer is 73.

Mr. Breuer testified that he is the president of Basic Earth Science Systems, Inc., and earns a yearly salary of $75,000. He receives $1,300 a month from social security. In addition to his salary, he earned $11,000 in 1991 from oil and gas sales. He owns two Cadillacs and is a member of a county club, but pays no dues. In 1975 he owned oil and gas properties which generated a profit of $50,000 to $100,000 a month. In 1975 his assets were substantially higher than his liabilities.

In June 1991 the bank foreclosed on his properties. In February 1992 the bank foreclosed on his house. Mr. Breuer does not have an investment account. He does not have any retirement benefits. He is 73, has had three heart attacks, and stated that in June 1991 he had no money left. His financial condition had not improved at the time of the hearing. He testified that he did not deliberately lose money to avoid paying Mrs. Breuer.

On May 13, 1992, the court ruled that Mr. Breuer suffered economic reversal and granted a reduction in monthly maintenance payments from $1,400 to $400. The record does not contain a transcript of the ruling. The court's order was entered on July 17, 1992. Mrs. Breuer appeals.

■ Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act permits modification of maintenance upon a showing of a substantial change in circumstances. (Ill. Rev. Stat. 1989, ch. 40, par. 510(a).) Mrs. Breuer concedes that Mr. Breuer suffered a substantial change in circumstances, but contends the amount of reduction in maintenance was not justified. She argues that the court did not properly consider the elements set out in section 504(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 504(b)).

■ Under section 504(b), a court should consider the financial resources of the party seeking maintenance, the standard of living established during the marriage, the age, physical and emotional condition of both parties, the ability of the spouse seeking maintenance to meet her needs independently, and the ability of the other spouse to pay. (Ill. Rev. Stat. 1989, ch. 40, par. 504(b).) No one element is determinative. (*In re Marriage of Jones* (1989), 187 Ill. App. 3d 206, 228, 543 N.E.2d 119.) A court of review will not reverse a maintenance order unless the record shows an abuse of discretion. (*In re Marriage of Ingrassia* (1986), 140 Ill. App. 3d 826, 489 N.E.2d 386.) To justify reversal it must be obvious that the court acted arbitrarily or without conscientious judgment. *In re Marriage of Krupp* (1990), 207 Ill. App. 3d 779, 798, 566 N.E.2d 429.

■ Both parties are 73 years old. They were divorced 30 years ago. Neither is in good health. Mrs. Breuer owns a retirement account and an investment account. She receives social security and monthly interest from her investments. She owns a condominium worth $175,000 with a mortgage of $11,000. Mrs. Breuer does not work.

In 1991 Mr. Breuer suffered a major financial setback. Mrs. Breuer classifies his status before 1991 as "millionaire." The bank foreclosed on Mr. Breuer's oil and gas properties and his home. He did not purposely cause this loss. Mr. Breuer earns $75,000 a year

and receives $15,600 from social security. He does not own a retirement account or an investment account. Mr. Breuer has shown a decrease in his ability to pay. He is left with a salary, two Cadillacs, and social security. He has no other assets. Mrs. Breuer has substantial assets. She also receives social security and monthly interest.

As long as reasonable persons may differ in their opinions regarding the propriety of a trial court's decision, we will not find an abuse of discretion. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126.) Based on the financial resources and the status of both parties in 1992, we cannot say the trial court abused its discretion in ordering maintenance reduced from $1,400 to $400.

Affirmed.

THEIS, J., concurs.

JUSTICE HOFFMAN, dissenting:

The present case comes before this court on appeal from the trial court's order which reduced Mrs. Breuer's monthly maintenance from $1,400 to $400. I have no quarrel with the law or the facts as stated by the majority, but I disagree with its conclusion.

The majority has concluded that it cannot find the maintenance modification in issue was an abuse of the discretion vested in the trial court in such matters. To justify its finding, the majority has primarily focused upon the assets of the respective parties. It is true that the record reflects that Mrs. Breuer owns a condominium valued at $175,000, which is encumbered by an $11,000 mortgage, and investments valued at $80,482 while Mr. Breuer is, for all practical purposes, without assets. However, the assets of the parties are only one of the factors to consider under section 504(b) (Ill. Rev. Stat. 1989, ch. 40, par. 504(b)), in determining whether maintenance should be reduced. *In re Marriage of Lyons* (1987), 155 Ill. App. 3d 300, 508 N.E.2d 458.

As the majority points out, the parties to this action are both 73 years old and in ill health. The record reveals that Mr. Breuer is employed and intends to remain employed. Mrs. Breuer is unemployed and cannot work due to her health. The disparity in the annual incomes of the parties is substantial. Mr. Breuer's gross annual income from his salary and social security benefits is about $96,233; Mrs. Breuer's gross annual income from investments and social security benefits is about $11,796. If Mrs. Breuer's maintenance payments are reduced to $400 per month, or $4,800 per year, Mr. Breuer would still have a gross income of $91,433 after paying

maintenance while Mrs. Breuer's gross income including maintenance would be $16,596 per year.

There is no doubt that Mr. Breuer has suffered financial reversals. In 1975, he was earning $50,000 to $100,000 per month; by 1991, his house had been foreclosed and his income was reduced to about $96,000 per year. But that circumstance does not justify the extreme reduction in maintenance ordered by the trial court. By its order, the trial court reduced Mrs. Breuer's annual income by 42%. There is nothing in this record that suggests that Mrs. Breuer can meet her reasonable needs on the reduced amount of maintenance without being forced to sell her home or other assets. (See *In re Marriage of Werries* (1993), 247 Ill. App. 3d 639, 616 N.E.2d 1379 (spouse seeking maintenance is not required to sell assets to provide for his or her support if other spouse has sufficient income to meet both of their needs); *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 412 N.E.2d 1336.) Further, there is nothing in this record to suggest that Mr. Breuer required such a drastic reduction in his maintenance obligations to meet his reasonable needs. There is no question that Mr. Breuer's financial reversals make it impossible for either party to enjoy the standard of living to which they were accustomed during their marriage. But I find no justification in this record for reducing the annual income of a 73-year-old woman who cannot work due to ill health from $28,596 to $16,596 while her former husband would still enjoy an annual income in excess of $90,000 after paying maintenance.

Applying the factors to be considered under section 504(b) as set forth by the majority, I find such a reduction under the circumstances of this case to be an abuse of discretion. Therefore, I respectfully dissent.